919 F.2d 139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald Henry BOLT, a/k/a Saquan, a/k/a Reginald Holt Bolt,
Defendant-Appellant.
 No. 90-5500.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1990.
Decided Nov. 29, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., District Judge. (CR-89-249-G)
 Richard A. Elmore, Pfaff, Elmore & Albright, Susan Hayes, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL, PHILLIPS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Reginald Henry Bolt appeals his convictions for conspiracy to distribute and to possess with intent to distribute crack, in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A) and 21 U.S.C. Sec. 846; possession with intent to distribute crack, in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A); and a firearms violation, in contravention of 18 U.S.C. Sec. 924(c)(1). On appeal, he challenges the sufficiency of the evidence to convict. We affirm.
 
 
 2
 One of Bolt's confederates, Terry McAllister, testified that Bolt approached him about investing in a venture that would involve selling drugs in North Carolina. McAllister was promised at least double the return on whatever he invested. Between March and May 1989, Bolt and McAllister travelled between New York and North Carolina numerous times. Cocaine was purchased in New York, cooked, and sold as crack at Smith Homes, a housing project in Guilford County, North Carolina. Bolt and McAllister often stayed at motels in the Greensboro area, leaving their rooms to travel to the projects. On May 12, 1989, officials conducted a consent search of two motel rooms rented by Bolt. They found a large amount of cash, crack, and two guns. Under Jackson v. Virginia, 443 U.S. 307 (1979), the evidence was constitutionally sufficient to convict on all counts.
 
 
 3
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 4
 AFFIRMED.